# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN PATRICK EDWARDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:14-CV-01256 |
| v. | ) |
| | ) Judge Sharp |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, (Docket No. 44), recommending that Petitioner's action be denied because Petitioner cannot show that he was prejudiced by his attorney's performance. Petitioner filed objections to the R & R. (Docket No. 49). Respondent filed a Response to Petitioner's Objections. (Docket No. 53.) Having undertaken *de novo* review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds that the R & R is correct and properly applies the governing law.

In deciding to approve the R & R, the Court has considered the one objection raised by Petitioner. The Petitioner's sole objection is that the Magistrate Judge erred in regards to seven factual findings. The seven factual findings in question are whether: (1) Petitioner knew members of the drug conspiracy under investigation were members of a Mexican cartel; (2) Petitioner's attorney understood what a "C" plea was; (3) Petitioner was impeached; (4) Petitioner's decision to enter the plea was voluntary; (5) Petitioner was advised of his right to allocute; (6) Petitioner thought there was a plea agreement when he pleaded guilty; and (7) Petitioner's attorney made an apology to him about his performance.

The Court will address each of these disputed factual findings in turn, through a de novo review of the record. The Court finds:

(1) Agent Brown's testimony at Petitioner's sentencing hearing makes it clear that Petitioner had knowledge that the subjects of the investigation were affiliated with a Mexican cartel. (Docket No. 30 at 5-6.)

(2) Lannom, Petitioner's attorney, testified that he understood what a "C" plea was and that he had discussed the offer with Petitioner at length. (Docket No. 31 at 242-246.)

(3) Petitioner was impeached and was not a credible witness. This contention is supported most notably by the instance in which Petitioner initially testified that his attorneys did not tell him he could have addressed Judge Haynes at sentencing, but then subsequently admitted he did discuss addressing the court with his attorneys. (Docket No. 44 at 661-662.)

(4) Petitioner voluntarily entered into an open plea. The transcript of the meeting between Petitioner and his attorneys makes it clear that Petitioner wanted to enter into an open plea. (Docket No. 32 at 385-388.)

(5) Petitioner was made aware of his right to allocute. Judge Knowles advised Petitioner of his right to address Judge Haynes at sentencing. (Docket No. 30 at 77-80.)

(6) Petitioner did not think there was a plea agreement when he pleaded guilty. Petitioner discussed, at length, the distinction between entering an open plea and having a plea agreement. (Docket No. 44 at 672-673.)

(7) Petitioner later admitted that Lannom did not apologize, and the admission is on the record. (Docket No. 32 at 443-447.)

The Court agrees with the Magistrate Judge. Petitioner's objections on these factual findings do not sufficiently show that the Petitioner was prejudiced. The Petitioner fails to show

that the outcome of his case would have been different had the Magistrate Judge found differently in these seven instances.

Accordingly, the Court hereby rules as follows:

(1) The R & R, (Docket No. 44), is ACCEPTED and APPROVED; and

(2) Petitioner's claim for ineffective assistance of counsel is hereby DENIED for failing to sufficiently show that Petitioner was prejudiced by any attorney error.

The Clerk of the Court shall enter a final judgment in accordance with Rule 72 of the Federal Rules of Civil Procedure.

It is so ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE